**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| ALLEGHENY CASUALTY COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:18-cv-00880 (TSE/IDD) |
| | ) | |
| RALPH A. DIETZE, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT GARY P. BOWMAN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS MOTION TO DISMISS**

Edward W. Cameron
VSB No. 29448
Matthew H. Sorensen
VSB No. 65970
Eric S. Waldman
VSB No. 90431
CAMERON MCEVOY PLLC
4100 Monument Corner Drive, Suite 420
Fairfax, Virginia 22030
(703) 273-8898
(703) 273-8897 (Facsimile)
ecameron@cameronmcevoy.com
msorensen@cameronmcevoy.com
ewaldman@cameronmcevoy.com
*Counsel for Defendant*
*Gary P. Bowman*

4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030
TEL 703.273.8898 FAX 703.273.8897
Cameron McEvoy PLLC

4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030
TEL 703.273.8898 FAX 703.273.8897
Cameron McEvoy PLLC

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........ ii

I. INTRODUCTION ........ 1

II. BACKGROUND AND STATEMENT OF FACS ........ 3

A. Parities, the Indemnity Agreements and the Bonds ........ 3

B. Allegheny's Claims ........ 4

III. ARGUMENT ........ 6

A. Legal Standard ........ 7

B. Allegheny's Claims Against Bowman Fail as a Matter of Law Because the 2016 Indemnity Agreement Eliminated Bowman as an Indemnitor with Respect to the Bonds ........ 8

C. Allegheny's Claims Against Bowman Fail as a Matter of Law Because the 2016 Indemnity Agreement Effected a Novation of the Indemnity Obligation Set Forth in the 2014 Indemnity Agreement ........ 10

D. Counts II and III of the Complaint Fail Because Allegheny Has Not Alleged Irreparable Injury ........ 11

E. There is No Basis for a Declaratory Judgment ........ 14

IV. CONCLUSION ........ 15

4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030
TEL 703.273.8898 FAX 703.273.8897
Cameron McEvoy PLLC

## TABLE OF AUTHORITIES

### CASES

*Abish v. Nw. Nat'l Ins. Co. of Milwaukee,*
924 F.2d 448 (2d Cir. 1991) ........ 12, 13

*Ashcroft v. Iqbal*,
556 U.S. 662, 129 S.Ct. 1937, 173 L. Ed. 2d 868 (2009) ........ 7

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007) ........ 7

*Borey v. Nat'l Union Fire Ins. Co. of Pittsburgh,*
934 F.2d 30 (2d Cir. 1991) ........ 13

*Cincinnati Ins. Co. v. Savarino Const. Corp.*,
No. 2:08–cv–1061, 2011 WL 1068022 (S.D. Ohio Mar. 21, 2011) ........ 14

*City of Manassas v. Bd. of Cty. Sup'rs of Prince William Cty.*,
250 Va. 126, 458 S.E.2d 568 (1995) ........ 12

*CNX Gas Co. v. Rasnake*,
287 Va. 163, 752 S.E.2d 865 (2014) ........ 9

*Commonwealth v. Squire*,
278 Va. 746, 685 S.E.2d 631 (2009) ........ 9

*Cook v. Commonwealth*,
268 Va. 111, 597 S.E.2d 84 (2004) ........ 9

*Cooksey v. Futrell*,
721 F.3d 226 (4th Cir. 2013) ........ 7

*Dere v. Montgomery Ward and Co., Inc.*,
224 Va. 277, 295 S.E.2d 794 (1982) ........ 10

*Escrow Agents' Fid. Corp. v. Superior Court*,
4 Cal.App.4th 491 (1992) ........ 12

*Fayetteville Investors v. Commercial Builders, Inc.*,
936 F.2d 1462 (4th Cir. 1991) ........ 8

*Fidelity and Deposit Company of Maryland v. Edward E. Gillen Company*,
No. 13–C–1291, 2018 WL 1936483 (E.D. Wis. Apr. 24, 2018) ........ 12, 13

*Firemen's Ins. Co. of Newark, New Jersey v. Keating*,
753 F.Supp. 1146 (S.D. N.Y. 1990) .......... 12, 13

*Hartford Fire Ins. Co. v. Universal Import, LLC*,
No. 3:08–CV–00271, 2009 WL 4042699 (D. Nev. Nov. 20, 2009) .......... 13

*Honeywell v. Elliott*,
213 Va. 86, 189 S.E.2d 331 (1972) .......... 10

*Kennedy v. Kennedy*,
83 Va. Cir. 439, 2011 WL 8947419 (Fairfax Co. Oct. 12, 2011) .......... 8

*Lemon v. Huford*,
84 Va. Cir. 443, 2012 WL 7960050 (Roanoke Co. Apr. 19, 2012) .......... 10

*LMP Holdings, LLC v. PLY Enterprises, LLC*,
No. 3:12cv440, 2012 4344302 (E.D. Va. Sept. 21, 2012) .......... 12

*Nemet v. Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*,
591 F.3d 250 (4th Cir. 2009) .......... 7

*Precious Interior Designs, Inc. v. Astacio*,
No. 07-21297-CIV, 2007 WL 3228119 (S.D. Fla. Oct. 30, 2007) .......... 12

*S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*,
713 F.3d 175 (4th Cir. 2013) .......... 8

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
551 U.S. 308, 127 S.Ct. 2499, 168 L. Ed.2d 179 (2007) .......... 7

*The Hipage Co., Inc. v. Access2Go, Inc.*,
589 F.Supp.2d 602 (E.D. Va. 2008) .......... 14

*Veney v. Wyche*,
293 F.3d 726 (4th Cir. 2002) .......... 8

**STATUTES AND RULES**

28 U.S.C. § 2201(a) .......... 14

Fed. R. Civ. P. 8(a)(2) .......... 7

Fed. R. Civ. P. 10(c) .......... 8

Fed. R. Civ. P. 12(b)(6) .......... 1

4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030
TEL 703.273.8898 FAX 703.273.8897
Cameron McEvoy PLLC

Local Civil Rule 7 ....................................................................................................................1

**OTHER**

Henry Campbell Black & Jay McIlvaine Lee, A Treatise on the Rescission of Contracts and Cancellation of Written Instruments § 530 (2d ed.1929).......................................8

4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030
TEL 703.273.8898 FAX 703.273.8897
Cameron McEvoy PLLC

4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030
TEL 703.273.8898 FAX 703.273.8897
Cameron McEvoy PLLC

Defendant Gary P. Bowman ("Bowman"), by and through his undersigned counsel, pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Civil Rule 7, submits this Memorandum of Law in Support of his Motion to Dismiss.

## I. INTRODUCTION

Plaintiff Allegheny Casualty Company ("Allegheny") has filed a four count Complaint against Bowman, Ralph A. Dietze and Sharon R. Dietze (collectively the "Defendants") alleging that the Defendants breached an Agreement of Indemnity dated May 16, 2014 (the "2014 Indemnity Agreement") and that Ralph and Sharon Dietze also breached an Agreement of Indemnity dated January 27, 2016 (the "2016 Indemnity Agreement").[1] The terms of those agreements are identical, with the exception that Bowman (who, in addition to Ralph and Sharon Dietze, was a party to the 2014 Indemnity Agreement) is not a party to the latter, substituted agreement.[2] Allegheny claims that it was induced (by virtue of the Indemnity Agreements) to issue surety bonds to Lansdowne Construction, LLC ("Lansdowne"), an entity of which Ralph Dietze is (or was) the managing member and controlling principal, for its work on several construction projects in the Commonwealth of Virginia.

Allegheny further contends that it suffered losses on certain bonds issued to Lansdowne. Two of the bonds on which Allegheny claims to have incurred losses are Payment Bond No. PHACSU 061553 and Performance Bond No. PHACSU 0651553 (collectively, the "PowerSecure Bonds"). Those bonds were issued in or around April of 2017, after Allegheny and Ralph and Sharon Dietze entered the 2016 Indemnity Agreement. Allegheny claims that

---

[1] The 2014 Indemnity Agreement and the 2016 Indemnity Agreement may be referred to collectively as "the Indemnity Agreements."

[2] Bowman's wife, Theresa Bowman, is a named indemnitor under the 2014 Indemnity Agreement, but the document never became binding upon her because she never executed it.

Defendants have failed or refused to indemnify Allegheny or post collateral security for the losses that Allegheny allegedly has incurred related to the bonds. Based on these allegations, Allegheny has filed suit against all of the Defendants alleging claims of breach of contract (Count I), specific performance (Count II), and *quia timet* (Count III). In addition, Allegheny seeks a declaratory judgment that Defendants are jointly and severally obligated to indemnify Allegheny under the Indemnity Agreements for all future claims, expenses and attorneys' fees that Allegheny may incur as a result of having issued any of its bonds to Lansdowne.

Allegheny's claims against Bowman must be dismissed because the 2016 Indemnity Agreement replaced the 2014 Indemnity Agreement and eliminated any further obligations of Bowman as an indemnitor under the earlier agreement. At the very least, the 2016 Indemnity Agreement alone governs the Defendants' obligations to indemnify Allegheny with respect to any bonds issued after the effective date of that agreement. As such, Allegheny's claims against Bowman in Counts I through IV of the Complaint concerning the alleged losses on the PowerSecure Bonds, which were issued after Allegheny had entered the 2016 Indemnity Agreement with Ralph and Sharon Dietze, must be dismissed. Counts II and III of the Complaint (specific performance and *quia timet*, respectively) likewise must be dismissed for the additional reason that Allegheny has failed to plead facts sufficient to establish that it will suffer irreparable injury. Indeed, to the contrary, Allegheny's prayer for monetary relief belies any claim for such extraordinary equitable relief. Additionally, the declaratory judgment claim (Count IV) is subject to dismissal because Allegheny has taken the position that Defendants have already breached one or both Indemnity Agreements. Allegheny's rights, therefore, have matured and, to the extent Allegheny is fearful of additional liabilities in the future, the plain language of the Indemnity Agreements allows for successive suits to recover any such amounts.

4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030
TEL 703.273.8898 FAX 703.273.8897
Cameron McEvoy PLLC

4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030
TEL 703.273.8898 FAX 703.273.8897
Cameron McEvoy PLLC

For these reasons, as set forth in detail below, Bowman respectfully requests that this Court dismiss the claims asserted against him in their entirety with prejudice.

## II. BACKGROUND AND STATEMENT OF FACTS

### A. Parties, the Indemnity Agreements and the Bonds.

"Allegheny is a surety company engaged in the business of construction and surety bonding." Compl. ¶1. "Beginning in or around May 2014, Lansdowne [a construction contractor based in Virginia] requested that Allegheny issue surety bonds for its construction work and activities on several projects in the Commonwealth of Virginia." *Id.*, at ¶8. Ralph Dietze "is or was the managing member of Lansdowne." *Id.*, at ¶2.

"In order to induce Allegheny to issue surety bonds, on or about May 16, 2014, the Defendants executed and delivered to Allegheny . . . [the 2014 Indemnity Agreement] binding themselves to be jointly and severally liable to Allegheny in the event of any loss on any of the bonds issued by Allegheny." Compl. ¶9; Ex. A thereto. Lansdowne, Ralph Dietze, Sharon Dietze, Bowman and Allegheny are the parties to the 2014 Indemnity Agreement. Compl. Ex. A. The stated purpose of the 2014 Indemnity Agreement is to secure the bonds obtained by Lansdowne from Allegheny and/or International Fidelity Insurance Company ("IFIC"). *Id.*

Subsequently, on or about January 27, 2016, Ralph Dietze and Sharon Dietze entered the 2016 Indemnity Agreement with Allegheny, "binding themselves to be jointly and severally liable to Allegheny in the event of any loss on any of the bonds issued by Allegheny." Compl. ¶10; Ex. B thereto. Allegheny concedes that the terms of the two indemnity agreements "are substantively identical." *Id.*, at ¶10. Indeed, the only difference between the 2016 Indemnity Agreement and the 2014 Indemnity Agreement is the elimination of any reference to Bowman (or his wife) as indemnitors. Compl. Exs. A, B. As with the 2014 Indemnity Agreement, the stated purpose of

the 2016 Indemnity Agreement is to secure the bonds obtained by Lansdowne from Allegheny and/or IFIC. Compl. Ex. B.

Allegheny claims that "in reliance on the Indemnity Agreements, Allegheny issued several surety bonds for and on behalf of Lansdowne," including the following bonds: Performance Bond No. PHACSU 0651551 in the penal sum of $675,952.00, guaranteeing performance by Lansdowne of certain construction work at the Country Club of Fairfax; Labor and Material Payment Bond No. PHACSU 0651551 in the penal sum of $675,952.00, guaranteeing the payment of all labor, materials, supplies, and equipment used in the construction work at the Country Club of Fairfax; Performance Bond No. PHACSU 0651553 in the penal sum of $3,718,014.00, guaranteeing the performance by Lansdowne of certain construction work at PSI Project No. 170722CS-CRS CoreSiteVa3 STP TH01 CR105 (the "PowerSecure Project"); and Payment Bond No. PHACSU 0651553 in the penal sum of $3,718,014.00, guaranteeing payment of all labor, materials, supplies, and equipment used in the construction work at the PowerSecure Project. Compl. ¶14. The Performance Bond No. PHACSU 061551 and Labor and Material Payment Bond No. PHACSU 061551 (collectively, "Country Club of Fairfax Bonds"), were issued in November 2015. The Payment Bond No. PHACSU 061553 and Performance Bond No. PHACSU 0651553 (collectively, "PowerSecure Bonds"), which are the subject of Allegheny's Complaint, were issued in 2017, more than a year after Allegheny entered the 2016 Indemnity Agreement with Ralph and Sharon Dietze. *See* PowerSecure Bonds, attached hereto as **Exhibit 1**.

**B. <u>Allegheny's Claims.</u>**

Allegheny claims that Lansdowne defaulted on its obligations covered by the bonds by failing to complete its contractual obligations at the Country Club of Fairfax and the PowerSecure



4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030
TEL 703.273.8898 FAX 703.273.8897
Cameron McEvoy PLLC

4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030
TEL 703.273.8898 FAX 703.273.8897
Cameron McEvoy PLLC

Project and by failing to pay several of its subcontractors and suppliers for labor, materials, supplies and equipment used at the PowerSecure Project. Compl. ¶15. As a result of the alleged defaults by Lansdowne, claims have been made against the bonds in excess of $1.9 million and Allegheny claims to have paid and incurred costs in excess of $880,330.16 in connection with those claims. *Id.*, at ¶16. Allegheny claims to have made written demands on Defendants to indemnify it from and against any liability for losses or expenses sustained as a result of Lansdowne's alleged defaults and to post collateral security to meet Allegheny's liabilities under the bonds. *Id.*, at ¶¶17-18. Allegheny further claims that Defendants have failed to comply with its demands. *Id.*, at ¶¶19-20.

Allegheny has asserted four causes of action against Bowman and the other Defendants, jointly and severally: breach of contract (Count I) and specific performance (Count II); *quia timet* (Count III) and declaratory judgment (Count IV).[3] The gravamen of Allegheny's claims is that it suffered losses on several bonds issued to Lansdowne for which it is entitled to indemnification from Bowman and the other Defendants under both the 2014 Indemnity Agreement and the 2016 Indemnity Agreement. Allegheny further alleges that (i) Bowman and the other Defendants breached the 2014 Indemnity Agreement and (ii) Ralph and Sharon Dietze breached the 2016 Indemnity Agreement by failing or refusing to comply with Allegheny's demands for indemnification and for posting of collateral security. In Count I, Allegheny seeks to recover money damages for claims that Allegheny has allegedly paid under the bonds. In Count II, Allegheny seeks an order of "specific performance" compelling Defendants, jointly and severally, to pay Allegheny collateral security in the amount of $943,200.00. In Count III, Allegheny seeks

---

[3] Lansdowne is not named as a Defendant because it "filed a petition for relief under Chapter 7 of the U.S. Bankruptcy Code on or about May 15, 2018 . . .." Compl. p. 3, fn. 1.

4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030
TEL 703.273.8898 FAX 703.273.8897
Cameron McEvoy PLLC

the same relief as in Count II under a theory of *quia timet*. And, in Count IV, Allegheny seeks a declaratory judgment that Defendants are jointly and severally obligated to indemnify Allegheny for all future claims, liabilities, expenses and attorneys' fees incurred by the company based on the bonds it issued to Lansdowne. With respect to each claim, Allegheny appears to take the position (and erroneously so) that Bowman is obligated to indemnify it, and to post collateral security with respect to, all losses incurred on every bond issued to Lansdowne, including those issued after the 2016 Indemnity Agreement.

## III. <u>ARGUMENT</u>

The Complaint must be dismissed in its entirety with respect to Bowman because it fails to state a claim for which relief can be granted. Allegheny's claims against Bowman are based entirely on the 2014 Indemnity Agreement. However, as set forth in detail below, the 2016 Indemnity Agreement between Allegheny and Ralph and Sharon Dietz superseded the 2014 Indemnity Agreement, eliminating Bowman as an indemnitor. In the alternative, the clear intent of the 2016 Indemnity Agreement was to effect a novation of the obligations under the 2014 Indemnity Agreement. Additionally, at the very least, the 2016 Indemnity Agreement cut off any obligation on the part of Bowman to indemnity Allegheny (or post collateral) with respect to any bonds issued after the effective date of that agreement. For these reasons Counts I through IV of the Complaint must be dismissed.

Furthermore, Allegheny's equitable claims for specific performance (Count II) and *quia timet* (Count III) must be dismissed because the Complaint fails to plead any facts that, if credited, would establish that Allegheny will suffer irreparable injury in the absence of the relief sought in those claims. Moreover, Allegheny's rights have fully matured in any event and, to the extent Allegheny is fearful of additional liabilities in the future, the plain language of the Indemnity

Agreements allows for successive suits to recover any such amounts. Accordingly, there is no basis for the declaratory judgment claim in Count IV.

### A. Legal Standard.

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 570, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, at 678, 127 S.Ct. at 1949, 173 L. Ed. 2d at 868 (internal quotations and citations omitted). Indeed, while the Court must accept the well pled factual allegations in the Complaint as true when ruling on a motion to dismiss and draw all reasonable inferences in favor of the Plaintiff, the Court "need not accept the legal conclusions drawn from the facts, and need not accept as true unwarranted inferences, unreasonable conclusions or arguments." *Nemet v. Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (internal quotation marks and citation omitted).

On a motion to dismiss, the Court may consider any documents attached to or referenced in the Complaint. *Cooksey v. Futrell*, 721 F.3d 226, 234 (4th Cir. 2013) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L. Ed.2d 179 (2007)). The Court is not required to accept as true any allegations that are contradicted by the documents that are attached as exhibits to or referenced in the Complaint or matters properly subject to judicial

4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030 TEL 703.273.8898 FAX 703.273.8897
Cameron McEvoy PLLC

notice. *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002). "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). "In the event of conflict between the bare allegations of the complaint and any exhibit attached to the complaint … the exhibit prevails." *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC,* 713 F.3d 175, 182 (4th Cir. 2013) (quoting *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991)).

**B. Allegheny's Claims Against Bowman Fail as a Matter of Law Because the 2016 Indemnity Agreement Eliminated Bowman as an Indemnitor with Respect to the Bonds.**

The obvious purpose of the 2016 Indemnity Agreement was to supersede the 2014 Indemnity Agreement to eliminate Bowman as an indemnitor on the bonds issued by Allegheny. "Where the parties to an existing contract enter into a new agreement, completely covering the same subject-matter, but containing terms which are inconsistent with those of the earlier contract, so that the two cannot stand together, the effect is to supersede and rescind the earlier contract, leaving the later agreement as the only agreement of the parties on the subject." *Kennedy v. Kennedy*, 83 Va. Cir. 439, 2011 WL 8947419, at *1–2 (Fairfax Co. Oct. 12, 2011) (quoting Henry Campbell Black & Jay McIlvaine Lee, A Treatise on the Rescission of Contracts and Cancellation of Written Instruments § 530 (2d ed.1929)). Although the text of the 2014 and 2016 Indemnity Agreements is identical (as noted in Allegheny's Complaint), the two agreements are inconsistent in that the earlier agreement (the 2014 Indemnity Agreement) binds Ralph Dietze, Sharon Dietze and Bowman to be jointly and severally liable to Allegheny in the event of any loss on any of the bonds issued to Lansdowne by Allegheny, whereas the latter agreement (the 2016 Indemnity Agreement) limits the obligation to indemnify Allegheny to Ralph and Sharon Dietze only.

4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030
TEL 703.273.8898 FAX 703.273.8897
Cameron McEvoy PLLC

4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030
TEL 703.273.8898 FAX 703.273.8897
Cameron McEvoy PLLC

Compl. Exs. A, B. In other words, the 2016 Indemnity Agreement eliminated Bowman as indemnitor.

Any contrary conclusion would render the 2016 Indemnity Agreement utterly superfluous. By executing the 2014 Indemnity Agreement, Ralph and Sharon Dietze had already agreed to indemnify Allegheny in connection with any loss on any of the bonds issued by Allegheny. Compl. ¶9; Ex. A. The nature and extent of Mr. and Ms. Dietze's agreement to indemnify Allegheny in 2014 is identical to the nature and extent of their agreement to indemnify Allegheny in 2016. *Id.* Again, the one and only substantive difference between the two agreements is the removal of any reference to Bowman as an indemnitor in the 2016 Indemnity Agreement. Compl. Exs. A, B.

It is a settled principle of contract law that "[e]ffect should be given to every part of the instrument, if possible, and no part thereof should be discarded as superfluous or meaningless." *CNX Gas Co. v. Rasnake*, 287 Va. 163, 168, 752 S.E.2d 865, 867 (2014) (citations omitted); *see also Commonwealth v. Squire*, 278 Va. 746, 752, 685 S.E.2d 631, 634 (2009); *Cook v. Commonwealth*, 268 Va. 111, 114, 597 S.E.2d 84, 86 (2004). Allegheny's position that the 2014 Indemnity Agreement remains valid and binding notwithstanding the existence of the 2016 Indemnity Agreement is inconsistent with this fundamental rule of contract law. Again, if the 2014 Indemnity Agreement survived the 2016 Indemnity Agreement, the latter agreement would be rendered superfluous in its entirety.

Because the 2014 Indemnity Agreement was superseded by the 2016 Indemnity Agreement, the latter of which eliminated Bowman as an indemnitor, all of Allegheny's claims against Bowman must be dismissed. Alternatively, at the very least, the 2016 Indemnity Agreement superseded the 2014 Indemnity Agreement with respect to any bonds issued by

Allegheny to Lansdowne after the 2016 Indemnity Agreement. As noted above, the PowerSecure Bonds were issued to Lansdowne by Allegheny in 2017 (*see* **Exhibit 1** hereto), more than a year after Allegheny and Mr. and Mrs. Dietze entered the 2016 Indemnity Agreement. Accordingly, Counts I through IV of the Complaint must, at least, be dismissed with respect to Bowman to the extent that they purport to assert claims against him based on any losses on the PowerSecure Bonds.

### C. **Allegheny's Claims Against Bowman Fail as a Matter of Law Because the 2016 Indemnity Agreement Effected a Novation of the Indemnity Obligation Set Forth in the 2014 Indemnity Agreement.**

Alternatively, the 2016 Indemnity Agreement effected a three-party novation of the 2014 Indemnity Agreement. As a result of the novation, Bowman's obligations under the 2014 Indemnity Agreement were extinguished and, therefore, he ceased owing any duty to indemnify Allegheny or to post collateral for any of the alleged losses on the bonds issued to Lansdowne.

"Novation is defined as a mutual agreement among all parties concerned for discharge of a valid existing obligation by the substitution of a new valid obligation on the part of the debtor or another." *Dere v. Montgomery Ward and Co., Inc.*, 224 Va. 277, 280, 295 S.E.2d 794, 795 (1982) (quoting *Honeywell v. Elliott*, 213 Va. 86, 89, 189 S.E.2d 331, 334 (1972)). "[A] novation may be effected by three parties; an existing obligation is discharged when a creditor, his debtor, and a third person agree to substitute a new obligation running from the third person to the creditor." *Dere*, 224 Va. at 280, 295 S.E.2d at 795. *See also Lemon v. Huford*, 84 Va. Cir. 443, 2012 WL 7960050, at **3-4 (Roanoke Co. Apr. 19, 2012). An essential element of a three-party novation is the assent by the third party to substitute its obligation for that of the original obligor. *Dere*, 224 Va. at 281, 295 S.E.2d at 796 (collecting authorities).



4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030
TEL 703.273.8898 FAX 703.273.8897
Cameron McEvoy PLLC

4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030
TEL 703.273.8898 FAX 703.273.8897
Cameron McEvoy PLLC

Here, the elements of three-party novation are clearly satisfied by the 2016 Indemnity Agreement itself. By Allegheny's admission, that agreement covers the same subject matter as the 2014 Indemnity Agreement. Indeed, it is identical to the 2014 Indemnity Agreement except that it eliminates any reference to Bowman and his wife. The 2016 Indemnity Agreement bound Ralph and Sharon Dietze (and no others) "to be jointly and severally liable to Allegheny in the event of any loss on any of the bonds issued by Allegheny." Compl. ¶10. As such, the obvious purpose of the 2016 Indemnity Agreement was to eliminate Mr. and Ms. Bowman as indemnitors.[4] Allegheny's consent to this novation is evident from the fact that it issued the 2016 Indemnity Agreement to Mr. and Ms. Dietze, eliminating Mr. and Ms. Bowman as indemnitors on the bonds issued to Lansdowne. Similarly, Mr. and Ms. Dietze's assent to the novation is evidenced by their signatures on the 2016 Indemnity Agreement. As such, all of the elements of three-party novation are satisfied.

The novation, thus, eliminated Bowman's duties under the 2014 Indemnity Agreement. As that agreement forms the basis of all of Allegheny's claims against Bowman, the Complaint must be dismissed in its entirety with respect to Bowman.

### D. Counts II and III of the Complaint Fail Because Allegheny Has Not Alleged Irreparable Injury.

Counts II and III of the Complaint seek the equitable remedies of specific performance and *quia timet*, respectively. Those claims fail because Allegheny has not pleaded facts sufficient to establish that it has no adequate remedy at law and that it will be irreparably injured. Indeed, it is apparent that the alleged injuries of which Allegheny complains are economic in nature and

[4] As noted previously, Mrs. Bowman is referenced in the 2014 Indemnity Agreement, but it never became binding on her.

4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030
TEL 703.273.8898 FAX 703.273.8897
Cameron McEvoy PLLC

are capable of being fully redressed by an award of damages, to the extent that Allegheny is entitled to any relief at all on its claims.

Allegheny's claim of specific performance (Count II) makes no allegation, conclusory or otherwise, that Allegheny lacks an adequate remedy at law. "In Virginia, as in other states, specific performance is an equitable remedy only available if there is no adequate remedy at law." *LMP Holdings, LLC v. PLY Enterprises, LLC*, No. 3:12cv440, 2012 4344302, at *5 (E.D. Va. Sept. 21, 2012) (citing *City of Manassas v. Bd. of Cty. Sup'rs of Prince William Cty.*, 250 Va. 126, 132, 458 S.E.2d 568, 571 (1995)). As such, a claim for specific performance that is unsupported by factual allegations sufficient to establish the absence of an adequate remedy at law "is fatally deficient." *LMP Holdings*, No. 3:12cv440, 2012 4344302, at *5 (citing *Precious Interior Designs, Inc. v. Astacio*, No. 07-21297-CIV, 2007 WL 3228119, at *2 (S.D. Fla. Oct. 30, 2007)). Having failed to plead facts sufficient to establish the absence of an adequate remedy at law, Allegheny's claim for specific performance must be dismissed.

Allegheny's *quia timet* claim is similarly deficient. "*Quia timet* is the right to be protected from an anticipated future injury where it cannot be avoided by a present action at law." *Firemen's Ins. Co. of Newark, New Jersey v. Keating*, 753 F.Supp. 1146, 1155 (S.D. N.Y. 1990). As one federal district court has noted, in the surety context, the "whole point of the doctrine is to prevent a principal from absconding with cash that it *currently* has." *Fidelity and Deposit Company of Maryland v. Edward E. Gillen Company*, No. 13–C–1291, 2018 WL 1936483, at *2 (E.D. Wis. Apr. 24, 2018) (emphasis in original) (citing *Escrow Agents' Fid. Corp. v. Superior Court*, 4 Cal.App.4th 491, 496 (1992)). Where the nature of the relief ultimately sought is monetary compensation, however, no irreparable injury will occur and the relief of *quia timet* is unavailable. *See Abish v. Nw. Nat'l Ins. Co. of Milwaukee,* 924 F.2d 448, 453 (2d Cir. 1991)

("The nature of the relief sought being monetary compensation, there is no reason why [the surety] cannot be made whole upon resolution of the merits."); *Borey v. Nat'l Union Fire Ins. Co. of Pittsburgh,* 934 F.2d 30, 35 (2d Cir. 1991) (concluding that the surety "has failed to demonstrate why the possible loss of its suretyship rights, standing alone, will cause it to suffer irreparable harm); *Hartford Fire Ins. Co. v. Universal Import, LLC*, No. 3:08–CV–00271, 2009 WL 4042699, at *4 (D. Nev. Nov. 20, 2009) (refusing to specifically enforce a collateral security provision where the surety was able to recover money damages).

Indeed, in a similar case in which a surety sought to compel the defendant to deposit the sum for which the plaintiff was still at risk under the bonds it had issued, the U.S. District Court for the Southern District of New York noted that "the rights that plaintiff may lose if injunctive relief [*quia timet*] is denied are, when plainly viewed, simply rights to money. As such, the loss of those rights may be compensated by a corresponding monetary award after the parties' claims are resolved on the merits, and thus no injury of an irreparable nature will occur." *Firemen's Ins. Co.*, 753 F.Supp. at 1156. Clearly, the situation is no different in the present case because the rights that Allegheny may lose in the absence of the relief it seeks in Count III are nothing more than rights to money. Relief under the common law doctrine of *quia timet,* therefore, is unavailable.

Allegheny's *quia timet* claim also fails for two additional reasons. First, Allegheny has not pleaded any facts that, if accepted as true, would establish that one or all of the Defendants are unable to satisfy a money judgment against them or that they are transferring or dissipating their assets. *See Edward E. Gillen Company*, No. 13–C–1291, 2018 WL 1936483, at *2 (denying *quia timet* relief where there was no evidence that defendant was in the process of depleting its assets); *Firemen's Ins. Co.*, 753 F.Supp. at 1156-57. Second, the claim of *quia timet* is duplicative



Cameron McEvoy PLLC
4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030
TEL 703.273.8898 FAX 703.273.8897

of the request of specific performance of the collateral security provisions of the Indemnity Agreements. To the extent that Allegheny is entitled to collateral security, that right must be determined under the Indemnity Agreement, not the common law doctrine of *quia timet*. As such, Count III (*quia timet*) should be dismissed as duplicative. *See Cincinnati Ins. Co. v. Savarino Const. Corp.*, No. 2:08–cv–1061, 2011 WL 1068022, at *22 (S.D. Ohio Mar. 21, 2011).

**E. <u>There is No Basis for a Declaratory Judgment.</u>**

In Count IV, Allegheny fails to state a claim for declaratory judgment. "Under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), 'any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.'" *The Hipage Co., Inc. v. Access2Go, Inc.*, 589 F.Supp.2d 602, 614 (E.D. Va. 2008) (quoting 28 U.S.C. § 2201(a)). "The purpose of the Declaratory Judgment Act is to allow the uncertain party to gain relief from the insecurity caused by a potential suit waiting in the wings.... [I]f a suit for actual relief has already been filed, then the 'insecurity' of looming litigation does not exist." *Id.* at 615. The Fourth Circuit has warned that "a district court should not entertain declaratory judgment actions for the purpose of trying issues involved in cases already pending." *Id.*

Here, Allegheny's declaratory judgment claim does not seek relief as an uncertain party who is facing a potential lawsuit "waiting in the wings." To the contrary, it seeks to recover substantial monetary and other relief for an alleged breach of the Indemnity Agreements that has already occurred. The issues, then, have fully matured and the alleged wrongs, if proven, have already been committed. Moreover, the fact that Allegheny claims that it may suffer additional damages in the future does not alter the analysis for the simple reason that the Indemnity Agreements expressly contemplate this scenario by allowing for successive suits to recover



4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030 TEL 703.273.8898 FAX 703.273.8897
Cameron McEvoy PLLC

Cameron McEvoy PLLC
4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030
TEL 703.273.8898 FAX 703.273.8897

damages as they are incurred. *See, e.g.,* Compl. Ex. B, Art. Seventeenth, "Suits". This provision is intended to avoid the sort of "blank check" result that Allegheny seeks in Count IV and avoids a recovery based on an assumed set of facts that may or may not occur in the future. Therefore, the action for declaratory judgment should be dismissed.

## IV. CONCLUSION

WHEREFORE, in consideration of the foregoing, Defendant Gary P. Bowman moves this Court to dismiss the Complaint against him in its entirety with prejudice.

Respectfully submitted,

GARY P. BOWMAN
By Counsel

/s/

Edward W. Cameron
VSB No. 29448
Matthew H. Sorensen
VSB No. 65970
Eric S. Waldman
VSB No. 90431
CAMERON MCEVOY PLLC
4100 Monument Corner Drive, Suite 420
Fairfax, Virginia 22030
(703) 273-8898
(703) 273-8897 (Facsimile)
ecameron@cameronmcevoy.com
msorensen@cameronmcevoy.com
ewaldman@cameronmcevoy.com
*Counsel for Defendant*
*Gary P. Bowman*

4100 Monument Corner Drive, Suite 420, Fairfax, Virginia 22030
TEL 703.273.8898 FAX 703.273.8897
Cameron McEvoy PLLC

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 13, 2018, I filed the foregoing using the Court's CM/ECF system, which sent a true and accurate copy to:

Lauren P. McLaughlin, Esq.
VSB No. 44975
Shoshana E. Rothman, Esq.
VSB No. 73377
BRIGLIAMCLAUGHLIN, PLLC
1950 Old Gallows Road, Suite 750
Tysons Corner, Virginia, 22182
(703) 506-1990
(703) 506-1140 (Facsimile)
lmclaughlin@briglialaw.com
srothman@briglialaw.com
*Counsel for Plaintiff*

/s/ ________________________
Matthew H. Sorensen
VSB No. 65970
CAMERON MCEVOY PLLC
4100 Monument Corner Drive, Suite 420
Fairfax, Virginia 22030
(703) 273-8898
(703) 273-8897 (Facsimile)
msorensen@cameronmcevoy.com
*Counsel for Defendant*
*Gary P. Bowman*