# EXHIBIT 1

**Bond No.** PHACSU 0651553

# SUBCONTRACT PAYMENT BOND

**KNOW ALL BY THESE PRESENTS, That we,** Lansdowne Construction, LLC
1741 Business Center Drive, Suite. 120 Reston, VA 20190
**(Here insert the name and address, or legal title, of the Subcontractor)**
**as Principal, herein called Principal, and** Allegheny Casualty Company **, a corporation of the State of** NJ **, as Surety, therein called Surety, are held and firmly bond unto**
PowerSecure, Inc. 1609 Heritage Commerce Ct. Wake Forest, NC 27587
**(Here insert the name and address, or legal title, of the General Contractor)**
**as Obligee, herein called Obligee, for the use and benefit of claimants as herein defined, in the amount of** Three Million Seven Hundred Eighteen Thousand Fourteen Dollars and 00/100 **Dollars ($** 3,718,014.00 **), for the payment whereof Principal and Surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.**

**WHEREAS, Principal has by written agreement dated** March 31, 2017 **entered into a subcontract with Obligee for** PSI Project No. 170722CS-CRS CoreSiteVA3 STP PH01 CR105

**Which subcontract is by reference made a part hereof, and is referred to as subcontract.**

**NOW, THEREFORE, THE CONDITION OF THIS OBLIGATIION IS SUCH, That, if the Principal shall promptly make payment to all Claimants as herein defined, for all labor and material used or reasonably required for use in the performance of the Subcontract, then this obligation shall be void; otherwise it shall remain in full force and effect, subject, however, to the following conditions:**

1. **A Claimant is defined as one having a direct contract with the Principal for labor, material, or both, used or reasonably required for use in the performance of the contract.**
2. **The above-named Principal and Surety hereby jointly and severally agree with the Obligee that every claimant as herein defined, who has not been paid in full before the expiration of a period of ninety (90) days after the date on which the last of such Claimant's work or labor was done or performed, or materials were furnished by such Claimant, may sue on this bond in the Claimant's own name for such sums as may be justly due Claimant.**
3. **No suit or action shall be commenced hereunder by any Claimant:**
   - **(a) Unless Claimant shall have given written notice to any two of the following: The Principal, the Obligee, or the Surety above named, within ninety (90) days after such Claimant did or performed the last of the work or labor, or furnished the last of the materials for which said claim is made.**
   - **(b) After the expiration of one (1) year following the date on which Principal ceased work on said Subcontract.**
   - **(c) Other than in a state court of competent jurisdiction in and for the county or other political subdivision of the state in which the project, or any part thereof, is situated, or in the United States District Court for the district in which the project, or any part thereof, is situated, and not elsewhere.**
4. **The amount of this bond shall be reduced by and to the extent of any payment or payments made in good faith hereunder.**

**Signed and sealed this** 13th **day of** April **,** 2017 **.**

**In the presence of:**

Lansdowne Construction, LLC **(Seal)**
**Principal**

**By:** ______________________

ALLEGHENY CASUALTY COMPANY
1936
NEW JERSEY

Allegheny Casualty Company **(Seal)**

Patricia L. Lewis

**By:** ______________________
Ericka Y. Turner **Attorney-in-Fact**

# SUBCONTRACT PERFORMANCE BOND

**Bond No.** PHACSU 0651553

**KNOW ALL BY THESE PRESENTS**, That we, Lansdowne Construction, LLC
1741 Business Center Drive, Suite. 120 Reston, VA 20190
(Here insert the name and address, or legal title, of the Subcontractor)
As Principal, herein called Principal, and Allegheny Casualty Company
of the State of NJ, as Surety, herein called Surety, are held and firmly bound unto
PowerSecure, Inc. 1609 Heritage Commerce Ct. Wake Forest, NC 27587
(Here insert the name and address, or legal title, of the General Contractor)
as Obligee, herein called Obligee, in the amount of Three Million Seven Hundred Eighteen Thousand Fourteen Dollars and 00/100 Dollars ($ 3,718,014.00 ),
for the payment whereof Principal and Surety bind themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, firmly by these presents.

WHEREAS, Principal has by written agreement dated March 31, 2017 entered into a subcontract with Obligee for PSI Project No. 170722CS-CRS CoreSiteVA3 STP PH01 CR105

which subcontract is by reference made a part hereof, and is referred to as subcontract.

NOW, THEREFORE, THE CONDITION OF THIS OBLIGATION, is such that, if the Principal shall promptly and faithfully perform said subcontract, then this obligation shall be null and void; otherwise to remain in full force and effect.

The Surety hereby waives notice of any modification or amendment to the Subcontract made in accordance with the terms thereof, and any alteration or extension of time made by or through the General Contractor.

Whenever Principal shall be, and be declared by Obligee to be in default under the subcontract, the Obligee having performed Obligee's obligations thereunder:

(1) Surety may promptly remedy the default subject to the provisions of paragraph 3 therein, or;
(2) Obligee after reasonable notice to Surety may, or Surety upon demand of Obligee, may arrange for the performance of Principal's obligation under the subcontract subject to the provisions of paragraph 3 therein;
(3) The balance of the subcontract price, as defined below, shall be credited against the reasonable cost of completing performance of the subcontract. If completed by the Obligee, and the reasonable cost exceeds the balance of the subcontract price, the Surety shall pay to the Obligee such excess, but in no event shall the aggregate liability of the Surety exceed the amount of this bond. If the Surety arranges completion or remedies the default, that portion of the balance of the subcontract price as may be required to complete the subcontract or remedy the default and to reimburse the Surety for its outlays shall be paid to the Surety at the times and in the manner as said sums would have been payable to Principal had there been no default under the subcontract. The term "balance of the subcontract price," as used in this paragraph, shall mean the total amount payable by Obligee to Principal under the subcontract and any amendments thereto, less the amounts heretofore properly paid by Obligee under the subcontract.

Any suit under this bond must be instituted before the expiration of two years from date of which final payment under the subcontract falls due.

No right of action shall accrue on this bond to or for the use of any person or corporation other than the Obligee named herein or the heirs, executors, administrators or successors of the Obligee.

Signed and sealed this 13th day of April, 2017.

In the presence of :

Lansdowne Construction, LLC (Seal)
Principal

By: ____________________

____________________

____________________
Patricia L. Lewis

ALLEGHENY CASUALTY COMPANY 1936 NEW JERSEY

Allegheny Casualty Company (Seal)
Surety

By: ____________________
Ericka Y. Turner Attorney-in-Fect